**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

THERESA MARSHALL                                                              PLAINTIFF

v.                                        **4:10CV00754-BRW**

DEUTSCHE BANK NATIONAL TRUST COMPANY                      DEFENDANTS
and WELLS FARGO HOME MORTGAGE

<u>ORDER</u>

Pending are Defendants' Motion for Reconsideration or Alternatively Second Motion for

Judgment on the Pleadings (Doc. No. 17), and Plaintiff's Counter Motion to Amend Judgment

(Doc. No. 20).  Plaintiff has responded to Defendant's Motion for Reconsideration or

Alternatively Second Motion for Judgment on the Pleadings,[1] and Defendant has responded to

Plaintiff's Counter Motion to Amend Judgment.[2]  Defendants' Motion for Reconsideration or

Alternatively Second Motion for Judgment on the Pleadings is GRANTED. Plaintiff's Counter

Motion to Amend Judgment is DENIED.

> **I.      BACKGROUND**

On December 22, 2010, I partially granted Defendants' Motion for Judgment on the

Pleadings,[3] finding that issue preclusion barred most of Plaintiff's claims against Defendants. I

expressed reservations about Plaintiff's remaining claims, but allowed them to go forward as the

only basis for judgment on the pleadings presented in Defendants' motion was issue preclusion.[4]

Defendants now seek a reconsideration of the partial grant of judgment on the pleadings and

---

[1]Doc. No. 20.

[2]Doc. No. 21.

[3]Doc. No. 7.

[4]Doc. No. 15.

argue that Plaintiff's claims under § 1692g of the Fair Debt Collection Practices Act

("FDCPA")[5] and the Arkansas Deceptive Trade Practices Act ("ADTPA") are also barred by

issue preclusion. Additionally, Defendants argue in the alternative that the remaining claims may

be dismissed for reasons other than issue preclusion. Plaintiff's Counter Motion to Amend

Judgment seeks to clarify the grant of judgment on the pleadings and to reinstate the preliminary

injunction against foreclosure until the debt has been verified.[6]

## II.    STANDARD

District courts have the inherent power to reconsider interlocutory orders at any time

before the entry of judgment.[7] A motion for reconsideration is typically construed as a Motion to

Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), or as a Motion for Relief

from Judgment or Order under Rule 60(b).[8] If a party seeks reconsideration of a non-final order,

as in this case, courts treat it as a Rule 60(b) motion.[9] Rule 60(b) provides that a court may

relieve a party from an order for several reasons including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[5] 15 U.S.C. § 1692g.

[6] Doc. No. 20.

[7] *Lovett v. General Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992).

[8] *Norman v. Ark. Dep't of Education*, 79 F.3d 748, 750 (8th Cir. 1996).

[9] *Broadway v. Norris*, 193 F.3d 987, 988-89 (8th Cir. 1999).

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[10]

The Eighth Circuit has said that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."[11]

As Defendants also present a Second Motion for Judgment on the Pleadings, this standard is also applicable to addressing the pending motions. A Rule 12© motion for judgment on the pleadings is construed in the same way as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[12] Judgement on the pleadings is proper only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law**.**[13] I must accept as true all factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in [their] favor."[14] However, I may consider matters of public record not in the pleadings.[15] A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has

---

[10]Fed. R. Civ. P. 60(b).

[11]*United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (*per curiam*), *cert. denied*, 484 U.S. 836 (1987).

[12]See *Ashley County v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009) (applying the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim).

[13]*Id.*

[14]*Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

[15]*Faibisch v. Univ. Of Minn*., 304 F.3d 797, 802-803 (8th Cir. 2002).

[16]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

## III.    DISCUSSION

As noted above, a motion for reconsideration under Rule 60(b) can only be granted under the grounds for relief listed in the rule, and should only be granted for exceptional circumstances.

Defendants allege that the standard used in the order partially granting judgment on the pleadings, inadvertently used a standard for pleadings that was overturned by the Supreme Court in *Bell Atlantic Corp. v. Twombly*.[18] The standard at issue is that a Rule 12© motion should only be granted when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."[19] Defendants are correct that *Twombly* and its progeny, *Iqbal*,[20] created a heightened standard for analyzing the facts used to support a pleading. As noted above, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] As this standard was not applied in the previous order, Defendants have stated sufficient grounds for reconsideration under Rule 60(b). Defendants argue that under the pleading standard of *Twombly*, issue preclusion would also bar the remaining FDCPA and ADTPA claims. Alternatively, Defendants argue that the claims should

---

[17]*Id.*

[18]550 U.S. 544, 570 (2007).

[19]*Morton v. Becker*, 79 F.2d 185, 187 (8th Cir. 1986).

[20]*Iqbal*, 129 S. Ct. at 1949.

[21]*Id.* (quoting *Twombly*, 550 U.S. at 570).

be dismissed for failing to state a claim for relief. For the following reasons I find that Plaintiff's remaining claims should be DISMISSED.

A.      Effect of Issue Preclusion on FDCPA and ADTPA Claims

Plaintiff's remaining FDCPA claim is that Defendant Wells Fargo did not provide the required notice under § 1692g(a), and violated § 1692g(b) by failing to verify the debt and continuing collection efforts despite knowing that Plaintiff disputed the debt. The FDCPA regulates debt collection practices — it does not provide a means for challenging a debt.[22] Defendants argue that because Plaintiff's previous bankruptcy actions preclude relitigating the issue of her disputed mortgage, she cannot claim that Wells Fargo failed to provide notice under § 1692g(a) and violated § 1692g(b) by attempting to collect a disputed and unverified debt. In the context of a bankruptcy action "a proof of claim is *prima facia* evidence of the validity of the claim."[23]  The bankruptcy petitioner has the burden to rebut the presumption of validity, which Plaintiff failed to do in her earlier bankruptcy actions.[24] In Plaintiff's second and third bankruptcies her objections to Wells Fargo's proof of claims were overruled.[25] By overruling Plaintiff's objections to Wells Fargo's proof of claims in her second and third bankruptcies and confirming Plaintiff's Chapter 13 plan, the bankruptcy court validated Wells Fargo's claim, inherently finding that Wells Fargo had a right to collect the debt. Plaintiff's second and third bankruptcies were terminated because of her failure to follow the court's orders and make payments pursuant to the Chapter 13 plans. If confirmed plans do not have preclusive effect then

---

[22]*Adair v. Sherman*, 230 F.3d 890, 895-96 (7th Cir. 2000).

[23]*Brown v. IRS (In re Brown)*, 82 F.3rd 801, 805 (8th Cir. 1996).

[24]Docs. No. 8-3, 8-4.

[25]*Id.*

debtors would be able to make bad faith claims to "effectively prevent the collection of a debt, despite a court of competent jurisdiction having already adjudicated the dispute."[26]  Thus Plaintiff's claim that Wells Fargo failed to provide § 1692g(a) notice, and violated § 1692g(b) by attempting to collect an unverified debt that it knew was disputed are also precluded because those claims depend on the underlying issue of the disputed mortgage debt.

Defendants correctly assert that Plaintiff does not allege facts to support a claim alleging a violation of ADTPA. As discussed above in relation to the FDCPA claims, the ADTPA claim appears to be dependent on there being a disputed mortgage debt, an issue which is precluded because of the previous bankruptcy plan confirmations. Thus Plaintiff's claim that Defendants violated ADTPA is barred to the extent that it is based upon her disputed mortgage debt. The ADTPA claim was brought under state law, and as this order dismisses all remaining claims brought under federal law, my jurisdiction of the ADTPA claim is supplemental. When federal claims in a removed case are eliminated the court has discretion to retain jurisdiction, to remand, or to dismiss.[27] A court may exercise supplemental jurisdiction to reach a final judgment if "considerations of judicial economy, convenience and fairness to litigants"[28] support continuing jurisdiction. I find that it is in the best interest of judicial economy, convenience and fairness to the litigants that the ADTPA claim is DISMISSED without prejudice.

---

[26]Defendant's Memorandum of Law in Support of Motion to Reconsider or Alternatively Second Motion for Judgment on the Pleadings, Doc. No. 18, p. 9.

[27]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988) (finding when federal claim is eliminated, leaving only state law claims, the court has discretion to retain jurisdiction, remand, or dismiss).

[28]*Mine Wokers v. Gibbs*, 383 U.S. 715, 725 (1966).

6

B.      Second Motion for Judgment on the Pleadings for Dismissal Based Upon Failure
        to State a Claim

Even if issue preclusion does not apply to bar Plaintiff's FDCPA and ADTPA claims,

Defendant's Second Motion for Judgment on the Pleadings should be GRANTED, because

Plaintiff has failed to state a claim for relief. Defendants raise four alternative reasons for

granting judgment on the pleadings and dismissing Plaintiff's remaining claims. First,

Defendants allege that Plaintiff has not satisfied the burden to plead facts to support their claims

against Deutsche Bank and Wells Fargo. Second, Defendants allege that Wells Fargo is not a

"debt collector" within the meaning of the FDCPA. Third, Defendants allege that the notice

provided by Wilson and Associates satisfies the requirements of § 1692g(a). Finally, Defendants

allege that Plaintiff failed to file her § 1692g claim within the statute of limitations.

1.      No facts to support the FDCPA and ADTPA claims against Deutsche Bank and
        Wells Fargo

The Supreme Court has rejected the pleading of conclusory allegations without

supporting facts.[29] As noted above, a complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"[30] Defendants correctly assert that

the complaint is factually insufficient to sustain the FDCPA and ADTPA claims. The notice

requirements of § 1692g(a) are triggered after the "initial communication with a consumer in

connection with the collection of a debt."[31] The FDCPA defines "communication" broadly as

"the conveying of information regarding a debt directly or indirectly to any person through any

---

[29]*Twombly*, 550 U.S. at 570 (2007).

[30]*Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007).

[31]15 U.S.C. § 1692g(a).

medium."[32]  However, communications that do not seek to collect debts cannot be considered as

debt collection activities.[33] From the complaint it is impossible to determine what Plaintiff claims

was the initial communication that triggered the requirements of  § 1692g(a). The

communications from Wells Fargo to Plaintiff described in the complaint regarded loan

modifications,[34] loan statements,[35] a detailing of the Corporate Advance Recoverable Balance

("CARB") charges claimed by Wells Fargo,[36] and a check with a letter informing plaintiff that

Wells Fargo was no longer accepting payment because the loan was in foreclosure status.[37] The

letters regarding loan modification were attempts to restructure the debt instrument and lower the

payments, not a demand for payment. The loan statements merely provided information to

Plaintiff about her mortgage such as payment due dates and amounts owed. While ostensibly

related to the collection of a debt, it would be impractical to find that loan statements must

comply with the FDCPA.[38] A loan statement is essentially a communication from a creditor to a

debtor, not a communication from a debt collector for the purposes of collecting a debt.[39] The

letter regarding the CARB charges was sent in response to Plaintiff's request for information on

---

[32]15 U.S.C. § 1692(a)(2).

[33]*Bailey v. Security Nat. Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998) (finding loan statement was not a collections communication under FDCPA).

[34]Doc. No. 2, ¶ 17.

[35]*Id*. at ¶ 20.

[36]*Id*. at ¶ 21.

[37]*Id*. at ¶ 19.

[38]*Bailey*, 154 F.3d at 388-89.

[39]*Id*.

those charges, and obviously cannot be considered an initial communication.[40] Finally, the letter that informed Plaintiff that Wells Fargo was no longer accepting payment and returned her previous month's payment, is clearly outside of the scope of a debt collection communication. This letter did not seek to collect a debt from Plaintiff. It was a notice that Wells Fargo was no longer accepting payments because the mortgage was in foreclosure status. Thus the communications described in the complaint do not appear to be communications to collect a debt that could give rise to a FDCPA violation.

The § 1692g(b) obligation to cease collection activities does not arise unless the debtor sends a written notice of dispute within 30 days of receiving the § 1692g(a) notice.[41] As with the issue of the initial communication, it is impossible to tell from the complaint if the written dispute was sent within the 30 day window.[42] The time sequence described in the complaint indicates that Plaintiff's attorney sent written notice of the dispute on March 31, 2010.[43] The correspondence appears to have been prompted by Wells Fargo's denial of Plaintiff's loan modification, and refusal to accept further payments because the mortgage was in foreclosure.[44] According to the complaint, the loan modification communications occurred in "late 2009"[45] and on March 31, 2010, Plaintiff's attorney sent a letter to Wells Fargo informing them of the dispute

---

[40]Doc. No. 2, ¶ 21.

[41]15 U.S.C. § 1692g(b).

[42]Defendants assert that the complaint lacks any indication that Plaintiff sent a written notice of dispute to Wells Fargo. The complaint appears to indicate that notice of the dispute and a request for verification were sent on March 31, 2010. See Doc. No. 2, ¶¶ 18-20. This was before the April 15, 2010, notice by Wilson and Associates that the mortgage was being foreclosed. *Id.* ¶ 22.

[43]Doc. No. 2, ¶ 18.

[44]*Id.* at ¶ 20.

[45]*Id.* at ¶ 17.

and seeking verification.[46] As discussed above, the correspondence associated with the loan

modification cannot be debt collection notices within the meaning of § 1692g(a), but even if they

were considered communications under the FDCPA, the letter from Plaintiff's attorney regarding

the modifications would have been sent well after the 30 day window for notifying the debt

collector of a dispute. Similarly, the loan statements and letter refusing further payments cannot

be considered debt collection communications under the FDCPA. Both of these provide

information from a creditor to a debtor and do not make any demand for payment. The letter

describing the CARB charges was sent after the letter from Plaintiff's attorney to Wells Fargo,

and obviously could not be a communication that triggered the § 1692g(b) requirements.

Moreover, there are no facts in the complaint that describe how Wells Fargo continued collection

activities after the March 31, 2010, letter from Plaintiff's counsel.[47] Thus the claim that Wells

Fargo violated § 1692g(b) by failing to cease collection activities until the debt was verified,

cannot be sustained because Plaintiff has failed to support the claim with facts showing that

Plaintiff sent a written notice of the dispute within the 30 days of the § 1692g(a) notice, and that

Wells Fargo continued prohibited collection activities.

The ADTPA claim is also fatally flawed. Plaintiff recites the elements of a cause of

action under ADTPA, but offers no facts to support a violation of the act other than

incorporating by reference the disputed CARB charges. The remaining FDCPA and ADTPA

claims against Deutsche Bank and Wells Fargo are DISMISSED for failure to plead facts

supporting the claims.

---

[46]*Id.* at ¶ 18.

[47]Doc. No. 2.

2.      No facts that Wells Fargo is a "debt collector" under the FDCPA

Mortgage servicing companies and the assignees of a debt are not "debt collectors" within the meaning of the FDCPA, as long as the debt was not in default when the mortgage was assigned.[48] Again, Plaintiff provides only a conclusory allegation that Wells Fargo is a debt collector. Plaintiff offers no facts to support that the loan was in default when Wells Fargo began servicing the loan. Because Plaintiff has not shown that Wells Fargo was a debt collector under the FDCPA, Plaintiff's FDCPA claims should also DISMISSED for failing to state a claim upon which relief may be granted.

3.      Notice by Wilson and Associates satisfies requirements of § 1692g

Courts have found that a § 1692g(a)  notice by one debt collector serves as notice for subsequent attempts by different debt collectors to collect on the same debt.[49] "[W]here a validation notice had been sent by a debt collector, another debt collector hired to litigate for collection of that same debt need not supply a second validation notice."[50] Plaintiff's complaint provides that "although Wilson [and] Associates recently provided the notice required by 15 U.S.C.A. § 1692g(a), Wells Fargo never provided said notice."[51] Congress could have required that successive debt collectors provide separate notice to debtors, but it did not.[52] I find that because notice was provided by Wilson and Associates, Defendant Wells Fargo was not required

---

[48]15 U.S.C. § 1692(a)(6)(F)(iii). See *In re Price*, 403 B.R. 775 (Bankr. E.D. Ark. 2009).

[49]*Nichols v. Byrd*, 435 F. Supp. 2d 1101, 1106-07 (D. Nev. 2006), *Senftle v. Landau*, 390 F. Supp 463 (D. Md. 2005), *Oppong v. First Union Mortgage, Corp.*, 566 F. Supp 395 (E.D. Pa. 2008), *Ditty v. CheckRite*, 973 F. Supp. 1320 (D. Ut. 1997).

[50]*Nichols*, 435 F. Supp 2d at 1107.

[51]Doc. No 2, ¶ 36.

[52]*Nichols*, 435 F. Supp. 2d at 1106-07.

to provide the same notice. Plaintiff's claim that Defendant Wells Fargo did not provide notice under § 1692g(a) should also be DISMISSED for this reason.

4.     Plaintiff failed to object to the lack of notice by Wells Fargo within the statute of limitations

The FDCPA imposes a one year statute of limitations for bringing an action based on a violation of the act.[53] The statute of limitations begins when the debt collector fails to give proper notice within five days of the initial communication.[54] Again, it cannot be determined from the complaint what was the initial communication that triggered the statute of limitations. Defendants argue that the statute of limitations for bringing an action under § 1692g has long since passed because the earliest communication from Wells Fargo cited by Plaintiff was dated November 12, 2007.[55] Given the deficiency of the pleading it is impossible to determine when the statute was tolled, and since I have dismissed the remaining claims for other reasons I do not need to decide whether the claims are also time barred.

D.     Plaintiff's Counter Motion to Amend Order

Plaintiff's counter motion seeks to amend a non-final order, thus it will be treated as a motion for relief under Rule 60(b). As noted above a Rule 60(b) motion to reconsider an order, must be based upon the grounds provided in the rule and must show exceptional circumstances. Plaintiff's motion is not based on the grounds provided in Rule 60(b), and shows no exceptional circumstances. The cases cited by Plaintiff that assert an independent right for verification under

---

[53]15 U.S.C. § 1692k(d).

[54]*Maloy v. Phillips*, 64 F.3d 607, 608-09 (11th Cir. 1995).

[55]Doc. No. 9-9.

state law[56] are irrelevant to whether issue preclusion applies to the previous bankruptcy plan confirmations. Plaintiff seems to argue that Wells Fargo "must produce the Note or a legally sufficient assignment of the mortgage,"[57] before attempting to collect on it. However, Plaintiff's complaint does not allege that Defendants' cannot produce the Note or that the assignment of the Mortgage was defective.

## CONCLUSION

Defendants' Motion for Reconsideration and Alternatively for Second Judgment on the Pleadings (Doc. No. 18) is GRANTED. Plaintiff's Motion to Amend Judgment (Doc. No. 20) is DENIED. For the reasons discussed above, Plaintiff's remaining claims are DISMISSED.

IT IS SO ORDERED this 1st day of February, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[56]*Corn Ins. Agency, Inc. v. First Federal Bank of Arkansas*, 88 Ark. App. 8, 17 (Ark. App. 2004), *US Bank Nat. Ass'n v. Ibanez*, 458 Mass 637 (Mass. 2011).

[57]Defendants' Response in Opposition to Plaintiff's Counter Motion to Amend Judgment. Doc. No. 21, p. 4.